**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019[*]
Decided December 6, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 19-1383

| | |
|---|---|
| MICHAEL JOHNSON, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| | |
|     *v*. | |
| | No. 17 C 7293 |
| ANTHONY GARANT, RAYMOND FOOTE, and WILLIAM BROWN, | Manish S. Shah, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Michael Johnson, an inmate at the Stateville Correctional Center in Illinois, alleged that three correctional officers knew he was in imminent danger of suicide but took no steps to prevent his suicide attempt, in violation of his Eighth Amendment rights. The district court entered summary judgment for the defendants, concluding that no reasonable jury could find that any officer was deliberately indifferent to a known risk that Johnson would attempt suicide. We affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Johnson sued the three officers under 42 U.S.C. § 1983, alleging deliberate indifference to a substantial risk of serious harm for their conduct before his suicide attempt.[1]  In his complaint, Johnson alleged that when he was being transported back to his cell after a medical appointment, he separately asked the officers to call a Crisis Intervention Team member. He told them that he was "hearing voices," his "father was taunting [him]," and he "wanted to commit suicide." The officers ignored his requests. Johnson also told the officers that he felt unsafe in his cell, but they placed him there anyway, then left him alone. Johnson then attempted suicide by burning his arm with a roll of toilet paper that he set on fire.

After discovery, the defendants moved for summary judgment, relying primarily on the officers' declarations and excerpts from Johnson's deposition. In opposing the motion, Johnson did not properly respond to the defendants' proposed statement of undisputed material facts, which the court then deemed admitted. See N.D. ILL. R. 56.1(b)(3)(B), (C). According to this statement, while he was being escorted to his cell in a segregation unit, Johnson asked each defendant "to see a [Crisis Intervention Team] member because he was feeling suicidal." But none of the officers recalled this, nor whether Johnson stated he "intended to immediately harm himself." Johnson then burned himself using "undisclosed means" that were "against prison policy." Based on these facts, the district court entered summary judgment for the defendants, concluding that no reasonable jury could find that Johnson's "freestanding" request to speak to a crisis counselor showed the officers' awareness of a substantial risk that Johnson would imminently attempt suicide.

On appeal, Johnson argues that a genuine issue of material fact exists regarding the defendants' awareness of his risk of self-harm because he told all three officers that he felt suicidal and unsafe in his cell. Yet they placed him in his cell—where they knew he had access to any number of items that he could use to harm himself—and did not call a crisis team member to come speak with him. Johnson does not challenge the district court's decision to deem the defendants' statement of facts admitted.

To survive summary judgment, Johnson needed evidence from which a reasonable jury could find that the defendants knowingly and unreasonably failed to respond to an objectively serious risk of harm. See *Farmer v. Brennan*, 511 U.S. 825, 844–

---

[1]  Johnson also alleged an Eighth Amendment violation based on the defendants' conduct *after* his suicide attempt. But on appeal, he does not challenge the district court's ruling in that regard, so we spend no more time on it.

45 (1994); *Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018). When the serious risk at issue is attempted suicide, a defendant acts knowingly and unreasonably if he "(1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Lisle v. Welborn*, 933 F.3d 705, 716–17 (7th Cir. 2019) (quoting *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006)). The defendant "must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life." *Collins*, 462 F.3d at 761. There is no question that the defendants did not take any steps to protect Johnson from self-harm,[2] so the only question is whether Johnson raised a genuine issue of material fact about their subjective knowledge of a substantial risk of self-inflicted harm.

Based on the evidence at summary judgment, he did not. Even construing the facts in the light most favorable to Johnson, a reasonable jury could not find that the defendants knew of a substantial risk of suicide based only on Johnson's statements that he felt suicidal and wanted to speak to a crisis counselor. The presence of common items in his cell, including sheets and clothing (even if this argument was not waived for failing to raise it in the district court), does not change the analysis. These circumstances lacked any indication that he may have "imminently" sought to have harmed himself. *Collins*, 462 F.3d at 761. And as the district court noted, this case is unlike *Sanville v. McCaughtry*, 266 F.3d 724. 737–38 (7th Cir. 2001), in which we concluded that allegations supporting the prison guards' awareness of the inmate's substantial risk of suicide were sufficient to withstand a motion to dismiss. In that case, the inmate (whose allegations were accepted as true given the procedural posture) did more than tell guards that he planned to commit suicide. According to the plaintiff, the defendants also knew that: he had written a last will and testament; he had previously attempted suicide; he was no longer eating; and his mother had called the prison to alert them that her son was suicidal. See 266 F.3d at 737. These additional facts would be enough to put a defendant on notice that the plaintiff's statement was not idle.

---

[2] We put little stock in the defendants' argument that, even though it was unknown to Johnson, one of the three officers was, in fact, a Crisis Intervention Team member, and so "Johnson got what he wanted." Of course, his request was not to be in the presence of an undisclosed crisis counselor—he wanted a chance to meaningfully speak to someone who could help him. In any case, the defendants disclaim any memory of Johnson's request, so they cannot also argue that they fulfilled it.

The defendants' argument on this point overstates things, however. Citing *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006), they argue that "a request to see a crisis counselor, standing alone, is not sufficient" to put a defendant on notice of the inmate's substantial risk of suicide. That statement in *Collins*, however, related only to those defendants who were not told *why* an inmate wanted to see a crisis counselor. See *id.* at 759, 761. There is no dispute in this case that Johnson also said he felt suicidal.

Nonetheless, these circumstances were insufficient to create a triable issue about whether the officers were subjectively aware of a substantial risk that Johnson would imminently attempt suicide. To the extent that the record contained additional evidence that could support Johnson's claim,[3] the district court was not required to comb through the record to find it. See *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414–15 (7th Cir. 2019) (discussing Local Rule 56.1 and its aim to "make summary-judgment decisionmaking manageable for courts").

We also note that with the issuance of this Order, Johnson's "Motion for Status Report" (Dkt. No. 30) is now moot.

AFFIRMED

---

[3] Portions of Johnson's deposition and pre-incident medical reports reference his diagnosed mental health conditions (including schizophrenia and depression), a previous suicide attempt, and his lack of schizophrenia medication in the days before his suicide attempt. But that evidence is not part of the record on summary judgment. We note, however, that these facts go to the seriousness of the risk of Johnson harming himself, but not the defendants' subjective knowledge.